(3 Misc. Rep. 355.)
## WATERBURY v. EGAN.

(City Court of New York, General Term. April 14, 1893.)

1. OLEOMARGARINE—SALE—VALIDITY OF CONTRACT.
It is no defense, in an action for the price of oleomargarine, merely that the article was designed to take the place of butter, since the unlawful act declared in Laws 1885, c. 183, is for selling an article in imitation or semblance, as well as one designed to take the place.

**2. SAME—EVIDENCE—IMITATION.**
     Whether or not the oleomargarine actually imitated or resembled butter, and such resemblance was on account of ingredients not essential, must be affirmatively shown as matter of fact.

**3. CONSTITUTIONAL LAW—INTERSTATE COMMERCE—OLEOMARGARINE.**
     Any state law attempting to prevent the sale of oleomargarine imported from another state by one having a United States license, and intended for sale in the original packages bearing the United States revenue stamp, is void under Const. U. S. art. 1, § 8, as an interference with interstate commerce.

Appeal from trial term.

Action by Nathaniel Waterbury against Michael H. Egan to recover the price of goods sold. Judgment entered on a verdict directed for defendant. Plaintiff appeals. Reversed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

Cromwell G. Macy, for appellant.
J. Woolsey Shepard, for respondent.

FITZSIMONS, J. The complaint herein states that the plaintiff sold to defendant goods of the value of $150, and demands judgment for that amount. The defendant's answer is as follows:

"First. That defendant has no knowledge or information sufficient to form a belief as to the delivery of the goods and merchandise mentioned in the complaint. Second. For a second distinct and separate defense to plaintiff' alleged cause of action, defendant alleges that the dealing in and sale of the merchandise mentioned in the complaint and bill of particulars herein, to wit, oleomargarine, which was manufactured of an oleaginous substance or substances of a compound of some other than that produced from unadulterated milk, or of cream from the same, and was an article designed to take the place of butter, and was so offered by plaintiff, and so sold to defendant as an article of food, contrary to law, (the same being the merchandise described in the complaint,) and the contract for the sale of same was illegal and void a the time of said sale. And defendant further avers that, at the time of the alleged sale of the merchandise mentioned in the complaint, the sale of same was specifically prohibited by the laws of the state of New York, and the sale of same made a crime. Wherefore defendant demands judgment that the complaint be dismissed, with costs."

The answer of the defendant presents no legal defense. The plaintiff had a right to manufacture or sell an article designed to take the place of butter as an article of food. Any legislation to the contrary is unconstitutional. People v. Arensberg, 103 N. Y. 388, 8 N. E. Rep. 736. The issue herein does not charge the plaintiff with selling an article imitating or resembling butter, which is an unlawful act. People v. Arensberg, 105 N. Y. 123, 11 N. E. Rep. 277. It simply charges him with selling an article designed to take the place of butter, which is not unlawful. . Therefore, under the issue drawn herein, all the testimony introduced by defendant, and properly objected to by plaintiff, was irrelevant and improper, and should have been excluded. It was error to admit the same; and, with said testimony out of the case, there is nothing, either in the pleadings or the testimony, showing that defendant had a legal defense herein, and the motion made by plaintiff's counsel for judgment upon the pleadings should have been granted. It was error to deny the same.

For argument's sake, however, grant that the answer is sufficient; that the plaintiff is therein charged with having sold an article imitating or resembling butter, contrary to the statute,[1] (chapter 183, Laws 1885,) the same being the goods the value of which is sued for herein; yet there is not scintilla of testimony in the whole case even tending to show that the goods mentioned in the complaint resembled or imitated butter, or was represented by plaintiff or any other person to be butter. There is some testimony showing that plaintiff related to defendant the ingredients of oleomargarine, and that such goods had to be finished off and titivated to make them marketable and resemble natural butter, but it is not shown that that was said of the goods in question; and, even if such a statement was made by plaintiff, the sale because of such statement would not be an unlawful act. But, conceiving the goods sold, it must appear affirmatively, as a matter of fact, that the commodity sold actually imitated and resembled butter, and that such resemblance was caused by the use of ingredients not necessary or essential to the article itself. 103 N. Y. 388, 8 N. E. Rep. 736. As there is no such testimony in the case, it was error for the trial justice to direct a verdict in favor of defendant. On the contrary, because of the nature of the act just referred to, it would have been proper and right, upon the pleadings and testimony, to have directed a verdict in favor of the plaintiff. Further, the undisputable testimony in the case shows that the oleomargarine in question was imported from Indiana, U. S., into this city, consigned to plaintiff, who sold the same in the ordinary form, in the original package in which it came, having thereon a United States revenue stamp, and that plaintiff had a United States license for the sale thereof. Under these circumstances, in any event, no law of the state could interfere with the sale of the commodity in question. To do so would be to conflict with and contravene section 8 of article 1 of the constitution of the United States, which vests in congress the right to regulate commerce with the foreign nations and among the several states and with the Indian tribes. Interstate commerce, which consists in the transportation, purchase, sale, and exchange of commodities, is national in its character, and must be governed by a uniform system. So long as congress does not pass any law to regulate it, or allowing the state so to do, it thereby indicates its will that such commerce shall be free and untrammeled, and any state law to the contrary is unconstitutional. Leisy v. Hardin, 135 U. S. 100, 10 Sup. Ct. Rep. 681, and In re Gooch, 44 Fed. Rep. 276. If oleomargarine introduced disease or infections into this state, it could not be the subject of commerce, (135 U. S. 100, 10 Sup. Ct. Rep. 681,) and the constitutional provision above referred to could not be invoked in its favor. But there is nothing to show that such is the case, except the argument of respondent's counsel. The

---

[1] This forbids the manufacture or sale of products, not made from unadulterated milk, in imitation or resemblance, or designed to take the place, of butter.

act of 1885 appears to have been enacted, not for the purpose of protecting the inhabitants of the state against disease caused by the use of oleomargarine, but for the purpose of preventing them from being misled and imposed upon; so that any person selling them oleomargarine which resembled butter, when they asked for, and supposed that they were really purchasing, dairy butter, might be punished for the deception practiced. For these reasons it seems to us clear that the defendant had not legal defense to the action at bar, and that judgment, upon both the pleadings and all the testimony, should have been rendered for plaintiff. It was error to direct a verdict for the defendant. The judgment is reversed, and judgment is rendered for plaintiff for the amount claimed, with interest and costs, and costs of appeal. All concur.